[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11392
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00027-RWS-JCF-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

EDWARD TREISBACK,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 30, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Edward Treisback appeals his convictions for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Mr. Treisback argues that the district court erred in denying his motion to dismiss his fourth indictment for violation of his constitutional right to a speedy trial. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

In May of 2011, agents executed a search warrant for Mr. Treisback's residence, where they found multiple laptops, DVDs, and hard drives depicting images of preteen girls engaging in sexual acts with adult males. In June of 2011, a federal grand jury indicted Mr. Treisback on counts relating to child pornography. The district court subsequently dismissed a total of three indictments without prejudice for violation of the Speedy Trial Act, 18 U.S.C. § 3161.

On June 11, 2014, Mr. Treisback was indicted for a final time on one count of receiving child pornography in September of 2010, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and one count of possessing child pornography in May of 2011, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). His trial was scheduled to begin on August 25, 2014.

On the day trial was to start, Mr. Treisback, through counsel, moved to dismiss the fourth indictment for violations of the Speedy Trial Act and of his constitutional right to a speedy trial. That same day, the district court announced that Mr. Treisback was being treated for self-inflicted wounds. Mr. Treisback's counsel then requested that Mr. Treisback undergo a competency evaluation before proceeding to trial, and stated that Mr. Treisback understood the evaluation would delay the trial. The district court granted an indefinite continuance of the trial, and tolled the speedy-trial clock until further order by the court.

On January 5, 2015, the district court denied Mr. Treisback's motion to dismiss the indictment that had been filed on August 25, 2014. When the parties appeared for trial the next day, the district court stated that Mr. Treisback had again inflicted wounds upon himself. Mr. Treisback's counsel requested an additional evaluation for competency, and the district court agreed to grant another continuance of the trial, again stating that the delay would be excluded from speedy-trial calculations.

The district court held a competency hearing on July 30, 2015, and found Mr. Treisback competent to stand trial, which it scheduled to begin on September 8, 2015. The district court again continued the trial, however, after Mr. Treisback successfully moved for appointment of substitute counsel. Mr. Treisback acknowledged that the grant of his motion would result in the trial

3

being continued for several months. The district court denied Mr. Treisback's two subsequent requests for appointment of substitute counsel.

On the first day of trial on December 14, 2015, Mr. Treisback's counsel stated that, "just for the sake of the record," he was renewing his motion to dismiss the indictment. The district court responded "[v]ery well," and proceeded with the two-day trial.

The jury found Mr. Treisback guilty of receipt and possession of child pornography, and the district court imposed concurrent sentences of 150 months' imprisonment and 120 months' imprisonment, respectively. The district court, however, reduced each of the sentences by 50 months for the time Mr. Treisback had spent in custody, making the actual sentences 100 months and 70 months, respectively. Mr. Treisback now appeals the district court's denial of his motion to dismiss the indictment.

## II

We review *de novo* a district court's denial of a defendant's motion to dismiss based upon his constitutional right to a speedy trial. *See United States v. Harris*, 376 F.3d 1282, 1286 (11th Cir. 2004). "Whether the government deprived a defendant of [this] constitutional right . . . presents a mixed question of law and fact." *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010). We review

the district court's legal conclusions *de novo* and its factual findings for clear error. *See id.*

## III

The Sixth Amendment guarantees a defendant the right to a speedy trial. *See* U.S. Const. amend. VI. The Supreme Court has instructed courts to evaluate speedy trial cases on an *ad hoc* basis using a balancing test, and has identified four factors to consider in determining whether a particular defendant has been deprived of this right. These factors include (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). None of these four factors, however, is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533.

## A

Mr. Treisback argues that the district court abused its discretion in denying his August 2015 motion to dismiss because it failed to make any factual findings or legal conclusions regarding whether his constitutional rights had been violated, and instead referred back to a prior order dismissing the indictment without prejudice on statutory speedy trial grounds. He asks that we remand the case with an order instructing the district court to dismiss the indictment on constitutional speedy trial grounds.

5

Although the district court did not provide a detailed analysis in support of its denial of the motion, and did not explicitly refer to the *Barker* factors, the district court made findings related to those factors. To the extent Mr. Treisback argues that the district court did not make a separate ruling on his renewed motion to dismiss the indictment made on the first day of trial, we may treat this failure to rule as an implicit denial of the motion. *See United States v. Stefan*, 784 F.2d 1093, 1100 (11th Cir. 1986). Accordingly, we have a sufficient record from which to conclude that the government did not deprive Mr. Treisback of his constitutional right to a speedy trial.

**B**

"The length of delay is to some extent a triggering mechanism"—"[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors[.]" *Barker*, 407 U.S. at 530–31. Here, a grand jury first indicted Mr. Treisback in June of 2011, and the district court subsequently dismissed three indictments. The grand jury indicted Mr. Treisback for the final time in June of 2014, and the district court held a jury trial in December of 2015. Although we consider only the time elapsed between the final indictment and trial, *see United States v. McDaniel*, 631 F.3d 1204, 1209 n.2 (11th Cir. 2011) (noting that the Sixth Amendment speedy trial guarantee was no longer effective for original indictment once the district court dismissed it), the trial delay was still

more than one year, and was therefore presumptively prejudicial. *See United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) ("Delays exceeding one year are generally found to be 'presumptively prejudicial.'").

Our review of the record, however, reflects that the trial was delayed primarily due to Mr. Treisback's actions. Different reasons for delay are given different weight. *See Barker*, 407 U.S. at 531. For instance, "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government[,]" whereas "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Id.* In the nearly 18 months between the final indictment and the trial, Mr. Treisback requested two continuances for competency evaluations following his self-inflicted injuries, and made several requests for appointment of substitute counsel. On at least two occasions—which account for nearly all of the delay between the final indictment and the trial—Mr. Treisback requested district court action that he acknowledged would delay the trial. *See id.* at 525 (stating that a defendant waives a known constitutional right by intentionally relinquishing or abandoning it). These valid reasons therefore justify the delay.

As for the prejudice factor, we assess it "in the light of the interest of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. These interests include the prevention of oppressive pretrial incarceration;

minimization of anxiety and concern of the defendant; and limitation of the possibility that the defense will be impaired. *See id.*

The record does not indicate that Mr. Treisback suffered prejudice beyond spending an extended period of time in custody awaiting trial, which the district court accounted for by reducing the sentence imposed following his conviction. Mr. Treisback argued that he was prejudiced because a favorable witness—his father—had become unavailable to testify during the delay. He, however, did not explain what his father would have testified to or how his defense was impaired by not having the testimony. Indeed, the district court previously concluded that, "[b]ased upon statements made by [Mr. Treisback] himself at [an] *ex parte* hearing[,] the testimony of [his] father appeared to be more related to the circumstances of the search of his residence than to [his] culpability for the crimes charged[.]" D.E. 38 at 2. The potential prejudice against Mr. Treisback therefore does not weigh heavily against the government.

## IV

On balance, the *Barker* factors establish that the government did not deprive Mr. Treisback of his constitutional right to a speedy trial. Accordingly, we affirm the district court's denial of his motion to dismiss the fourth and final indictment.

**AFFIRMED.**